**SECOND NAT. BANK OF SAGINAW v.
UNITED STATES.**
No. K—38.

Court of Claims.
April 7, 1930.

Theodore B. Benson, of Washington, D. C., for plaintiff.

Joseph H. Sheppard, of Washington, D. C., and Charles B. Rugg, Asst. Atty. Gen. (Charles F. Kincheloe, of Washington, D. C., on the brief), for the United States.

Before BOOTH, Chief Justice, and GRA-HAM, GREEN, LITTLETON, and WILLIAMS, Judges, concur.

GREEN, Judge.

This is a suit brought to recover a refund on a payment of income tax. The parties have stipulated that the sole issue in the case is whether the claim for refund was filed within four years from the time when the tax was paid.

There is no dispute about the facts. The particular payment in controversy was made by a check which was delivered to the collector of internal revenue on the 13th day of December, 1923. The check was drawn upon the Second National Bank of Saginaw and was paid by that bank on the 15th day of December, 1923, and on December 15, 1927, the plaintiff filed its claim for refund in the amount of $4,838.84, being the amount of the check. Under the statute in force at that time, the claim for refund was required to be filed within four years from the time of the payment of the tax.

The plaintiff relies on the well-known rule which ordinarily applies—that receipt of a check does not operate as a payment until the check is cashed—and therefore contends that the statute of limitations did not begin to run in this case on the date the check was delivered to the commissioner, but on the date it was paid by the bank.

In this connection the defendant calls attention to the fact that the statute authorizing the collector to receive checks in payment of taxes provides that in case a check so received is not paid by the bank on which it is drawn, the person who has tendered such check shall remain liable for the tax. This provision, it is said, shows that payment was not made when the check was delivered, and, taken in connection with the other language of the statute, shows that the receipt of checks was merely permissive, and while it operated for the convenience of the taxpayer the receipt of the check did not extinguish his liability.

When these provisions are considered in the light of other provisions of the law and Treasury Regulations made thereunder, we think there is no doubt about the matter. Article 1733 of Treasury Regulations headed *"Payment of tax by uncertified checks"* provides, among other things, as follows: "The day on which the collector receives the check will be considered the date of payment so far as the taxpayer is concerned, unless the check is returned dishonored."

This regulation fixed the date of payment, and if the Treasury authorities had the right to make such a regulation it is controlling in the case, for the taxpayer was bound to take notice thereof.

We think that authority to make this regulation was given by the statute which authorized the collector to receive checks in payment of taxes to which reference has previously been made and which is as follows: "Sec. 1325. That collectors may receive, * * * uncertified checks in payment of income, war-profits and excess-profits taxes and any other taxes payable other than by stamp, during such time and under such regulations as the Commissioner, with the approval of the Secretary, shall prescribe; but if a check so received is not paid by the bank on which it is drawn the person by whom such check has been tendered shall remain liable for the payment of the tax and for all legal penalties and additions the same as if such check had not been tendered." 42 Stat. 316.

It will be observed that this section authorizes these checks to be received "under such regulations as the Commissioner, with the approval of the Secretary, shall prescribe." If the regulation in question was a reasonable one, the Treasury had the right to prescribe it. We think it was reasonable, as it was manifestly for the best interests of both the government and the taxpayer that it should be known whether the date when the check was received by the commissioner was to be taken as the date of payment. In many cases such knowledge would be important to one party or the other. If not definitely known or understood, it would be often difficult to determine when further action should be taken if such action became necessary.

As we find that the regulation was authorized and binding upon the plaintiff, it follows that a claim for refund was filed too late and plaintiff's petition must be dismissed. It is so ordered.