## COSMOS CLUB v. UNITED STATES.
### No. H–218.

Court of Claims.
June 16, 1930.

This suit is for the recovery of $26,532.05 with interest, representing taxes alleged to have been erroneously assessed and collected on dues for the period from February 6, 1923, to December 15, 1926, inclusive.

The commissioner held that plaintiff was a social club and collected the tax in question under section 801 of the Revenue Act of 1921 (42 Stat. 291) and 501 of the Revenue Acts of 1924 and 1926 (26 USCA § 872 note).

1. Plaintiff, a District of Columbia corporation, was incorporated December 13, 1878. The certificate of incorporation sets forth the particular objects and business purposes of the plaintiff, as follows:

"The particular objects and business of this association are the advancement of its members in science, literature, and art, their mutual improvement by social intercourse, the acquisition and maintenance of a library, and the collection and care of materials and appliances relating to the above objects, under the restrictions and regulations established in its by-laws."

2. During the period from February 6, 1923, to and including December 15, 1926, plaintiff paid a total of $26,532.05 as taxes on dues and fees of its members as a result of a ruling on October 30, 1923, by the Commissioner of Internal Revenue that plaintiff was a social club within the meaning of the Revenue Acts of 1921, 1924, and 1926, imposing a tax on membership dues of social, sporting, or athletic clubs.

3. December 22, 1926, plaintiff filed a claim for refund of the entire tax paid on the ground that it is not a social, sporting, or athletic club within the meaning of the revenue acts or the regulations of the commissioner. April 30, 1927, the Commissioner of Internal Revenue rejected the claim for refund, adhering to his decision that plaintiff qualifies as a social, sporting, or athletic club within the meaning of section 801 of the Revenue Act of 1921 (42 Stat. 291) and section 501 of the Revenue Acts of 1924 and 1926 (26 USCA § 872 note).

4. Section 1 of article 1 of the constitution and by-laws of plaintiff provides for the following classes of membership:

"This club shall be composed of men

"(a) Who have done meritorious original work in science, literature, or the fine arts;

"(b) Who, though not occupied in science, literature, or the fine arts, are well known to be cultivated in a specific department thereof;

"(c) Who are recognized as distinguished in a learned profession or in public service."

5. The by-laws provide for the appointment of certain committees to carry out the objects and purposes of the club, as shown in article 6 of the by-laws, as follows:

"There shall be a house committee composed of five members; a committee on the library, a committee on art and decoration, and a committee on entertainments, each composed of three members. The members of these committees shall be appointed by the board of management; shall hold office at the pleasure of the board, and shall perform their assigned duties under the supervision of the board. At least one member of the board of management shall be appointed a member of the house committee.

"The house committee shall have charge of furnishing supplies, engaging the services of employees, keeping the clubhouse in good order and repair, keeping the grounds in order, and enforcing the observance of the by-laws.

"The committee on the library shall have charge of the library and of the supply of literary works, periodicals, and newspapers. They shall keep a catalogue of the books belonging to the club, and shall record therein with every such work the time of its purchase or presentation.

"The committee on art and decoration shall have charge of all art exhibitions in the

clubhouse and shall make recommendations to the board of management concerning the decorations of the house and the promotions of art in the club. All propositions relating to these subjects shall be referred to this committee for advice and report.

"The committee on entertainments shall arrange for and have charge of all lectures, concerts, receptions, and other entertainments which the club may hold for its members.

"The expenditures of the standing committee, and of such other committees as the board may find it necessary to appoint, shall be limited to such sums as the board of management shall appropriate, and the committees shall not incur indebtedness in excess of such appropriation. Their accounts shall be kept and audited in such manner as the board shall prescribe.

"The board of management shall designate the chairman of each standing committee and shall fill all vacancies occurring in these committees, provided that this rule shall not apply to the committee on admissions."

6. Plaintiff's club buildings are located at the corner of Madison Place and H Street Northwest, in Washington, D. C., and are described as follows:

*Dolly Madison house.*—Lot 804, square 221, containing 4,282 square feet.

The basement contains a heating plant, servants' quarters, shop, and storage rooms.

First floor: Entrance, office, cigar store, coat room, and lounging rooms.

Second floor: Administrative offices, board room, and library.

Third floor: Eight bedrooms.

Attic: Storage space.

*Main club building.*—Lot 31, square 221, containing 5,761 square feet. Building covers about 5,200 square feet.

Basement: Commissary, ice plant, print shop, ice box, barber shop, servants' quarters, and heating plant.

First floor: Reading and writing room, billiard room.

Second floor: Ten bedrooms.

Third floor: Ten bedrooms.

Fourth floor: Eight bedrooms, private dining room.

Fifth floor: Kitchen and main dining room.

*Tayloe house and assembly hall; also known as Cameron house.*—Lot 803, square 221, containing 12,193 square feet. Buildings cover about one-half of lot.

Basement: Storage rooms.

First floor: Kitchen, ladies' dining room. The assembly hall is connected with this floor by a corridor.

Second floor: Card room, parlors, and two sleeping rooms.

Third floor: House service quarters and five bedrooms.

Fourth floor: Five bedrooms and storage room.

The assembly hall has a floor space of 2,145 square feet. There are about two hundred permanent seats in it and chairs might be added so as to accommodate three hundred people.

The library has a floor space of about 816 square feet, the card room 648 square feet, and the billiard room 1,504 square feet. There is ample room for eight tables in the card room and the billiard room has five regular tables.

The old stable on the Tayloe property was converted into an assembly hall, which has a seating capacity of about three hundred.

This is a one-story building. Ample space is provided for serving meals in the main dining room on the fifth floor of the main building, the ladies' dining room on the first floor of the Tayloe property, and dining rooms adjoining this.

The card room is about 18 feet by 36 feet. It is available for the use of the members whenever wanted.

There is also a billiard room about 32 feet by 47 feet and contains five tables.

Annual reports are made showing the number of meals served in each of the dining rooms. The main dining room on the fifth floor is closed during the summer.

7. The local general assessment for the years 1927, 1928, on the above properties is as shown below:

| Square | Lot | Square feet | Land | Improvements |
|---|---|---|---|---|
| 221 ...... | 804 | 4,282 | $278,330.00 | $33,000.00 |
| 221 ...... | 31 | 5,761 | 172,830.00 | 87,500.00 |
| 221 ...... | 803 | 12,193 | 304,825.00 | 34,700.00 |
| Total .. | ..... | 22,236 | 755,985.00 | 155,200.00 |

8. The club has a pool and billiard room which is used by about ten members each day. There is a billiard tournament each year participated in by about fifteen members. It also has a small card room for members. The

club has no gymnasium, swimming pool, tennis court, golf course, or ball room, and no dances are held in the club. In addition to its library and dining room, it provides a reading room and a periodical room and lounge where there are newspapers.

10. The library of the club has a floor space of about 816 square feet and there are about 4,500 volumes in it containing general works in science, art, history and literature, and works of reference and sets of standard authors. The club also has a large collection of books that is housed in the Library of Congress as it does not have sufficient room for them in its quarters. The library contains about 1,400 volumes of fiction and drama.

11. The club building contains valuable paintings owned by the club or loaned to it, and a representative list of them is as follows:

12. The plaintiff club fosters science, literature, and art. Its membership produces works in science, literature, and art, and entertains men distinguished in science, literature, and art. Many distinguished scientific and literary men are members of the club. Lectures on science, art, literature, and education are provided by the club on Mondays for its members. Such lectures are by men distinguished in the arts, science, literature, and education.

The club is a meeting place in Washington for men engaged in scientific activities in Washington and elsewhere. Such meetings are held in the club's assembly hall and often a luncheon is given at which scientific questions are discussed. During the World War the plaintiff club was the center of all the specialists who were invited from all the laboratories and universities of the country to come to Washington to help the government,

| Title | Artist | Owner |
| --- | --- | --- |
| Tantalian Castle | Peter Taft | Cosmos Club. |
| Fujiyama | Hirshi Yoshida | Cosmos Club. |
| Landscape | Delancy W. Gill | Cosmos Club. |
| Mountain Scene | | |
| Sunset with Boat | Henry B. Snell | Cosmos Club. |
| Indian Summer Day | Max Weyl | National Gallery. |
| Clearing up in the Berkshires | J. H. Moser | Cosmos Club. |
| Portrait—J. W. Powell | E. H. Miller | Cosmos Club. |
| Breakers | J. H. Moser | Loaned. |
| Moonlight | J. H. Moser | Loaned. |
| Lake Como | Ercole Calvi | Loaned. |
| The Old Homestead | J. H. Moser | Loaned. |
| Dolly Madison | C. Y. Turner | Cosmos Club. |
| Portrait—Col. Garrick Mallery | E. F. Andrews | Cosmos Club. |
| Tolstoy | Ossip Perelma | Loaned. |
| Landscape | Max Weyl | Cosmos Club. |
| Return of the Fleet | Francis D. Millet | Loaned. |
| A Woodland Pool | W. H. Holmes | Cosmos Club. |
| Bronze of F. D. Millet | St. Gaudens | Cosmos Club. |
| Fired On | Frederick Remington | Cosmos Club. |
| Tyrolese | John S. Sargent | Loaned. |
| Deer | J. A. Oertel | Cosmos Club. |
| Landscape | Delancy W. Gill | Loaned. |
| Landscape—Sheep | F. Brissot | Loaned. |
| Ship at Sea | Jos. G. Tyler | Cosmos Club. |
| Battle with the Cliffs | W. T. Richards | Cosmos Club. |
| Landscape—Cows | Martin | Cosmos Club. |
| Portrait—Charles Darwin | G. Mercier | Cosmos Club. |
| Portrait—Abraham Lincoln | | Cosmos Club. |
| Chinese Painting (large, very old) | | |
| Interior of Lavardin Church | Jerone Uhl | Loaned. |
| Dolly Madison | E. F. Andrews | Cosmos Club. |
| Walt Whitman | | Cosmos Club. |
| Portrait—C. Y. Turner | | Cosmos Club. |
| Portrait—Burnett | | Cosmos Club. |
| Portrait—Simon Newcomb | | Cosmos Club. |
| Portrait—H. W. Wiley | | Cosmos Club. |
| Portrait—Theodore Gill | | Cosmos Club. |
| Portrait—J. R. Proctor | | Cosmos Club. |

and conferences were held several times a day at the club by groups of those men. The club is known all over the world as a center for science, especially, and literature and art to a lesser degree.

There has been originated by members of the club and in the club scientific and natural organizations such as the conservation of natural resources, the national park system of preserving the natural parks of America, the protection of game by the federal government, and the movement against the chestnut blight which destroyed valuable forests.

Every scientific organization in Washington, biological, botanical, sociological, and medical, started in the plaintiff club and used the club for its meeting place until some of them became so large as to require their own buildings. A number of scientific organizations still meet in the assembly hall of the club. Organizations such as the Washington Academy of Science, the Biological Society, the Botanical Society, the Chemical Society, the Society of Electrical Engineers, the Washington Society of Engineers, the Geological Society, the Columbia Historical Society, the Philosophical Society, the Automotive Scientific and Mechanical Engineers, the Civil Engineers, and the Monday Evening Club meet in the club for the transaction of their business. A modest fee is charged these societies for the use of the assembly hall to cover largely the cost of heat, light, and cleaning the hall. The board room of the club is furnished free to the officers and committees of the above societies or any other scientific society that uses it.

13. The predominant purposes of the plaintiff are educational and the advancement of its members in science, literature, and art, and its main activities are conducted with the view of accomplishing such purposes. The very few social features of the plaintiff club are but incidental to its predominant purposes as stated.

George E. Hamilton and John F. McCarron, both of Washington, D. C., for plaintiff.

Fred K. Dyar, of Washington, D. C., and Herman J. Galloway, Asst. Atty. Gen. (McClure Kelley, of Washington, D. C., on the brief), for the United States.

Before BOOTH, Chief Justice, and LITTLETON and WILLIAMS, Judges.

LITTLETON, Judge.

The issue is whether the plaintiff is a social club within the meaning of section 801 of the Revenue Act of 1921, 42 Stat. 291, and section 501 of the Revenue Acts of 1924, 43 Stat. 321 (26 USCA § 872 note), and 1926, 44 Stat. 92. Those acts impose a tax of a certain percentage of any amount paid as dues or membership fees (where the dues or fees of an active resident annual member are in excess of $10 per year) to any social, athletic, or sporting club or organization; or as initiation fees to such a club or organization, if such fees amount to more than $10, or if the dues or membership fees (not including initiation fees) of an active resident annual member are in excess of $10 per year.

Article 4 of Treasury Regulations 43, part 2, revised, provides that, "The purposes and activities of a club and *not its name* determine its character for the purpose of the tax on dues," and article 5 provides, "Any organization, which maintains quarters or arranges periodical dinners or meetings for the purpose of affording its members an opportunity of congregating for social intercourse, is a 'social * * * club or organization' within the meaning of the act, unless its social features are not a material purpose of the organization but are subordinate and merely incidental to the active furtherance of a different and predominant purpose, such as, for example, religion, the arts, or business."

Whether the dues or membership fees of a club or organization are subject to the tax as those of a social club within the meaning of the acts is primarily a question of fact. The facts in this case show that the predominant purposes of the plaintiff club were educational and for the advancement of its members in science, literature, and art, and that its main activities were conducted with the view of accomplishing such purposes. Its very few social features were but incidental to its predominant purposes.

Upon these facts plaintiff cannot be held to be a social club within the meaning of the statutes and the regulations. Aldine Club v. United States, 65 Ct. Cl. 315; Chemists' Club v. United States, 64 Ct. Cl. 156; Bankers' Club of America, Inc., v. United States (Ct. Cl.) 37 F.(2d) 982, and Washington Club v. United States, 38 F.(2d) 130, decided by this court February 10, 1930.

Plaintiff is entitled to recover, and judgment will be entered in its favor for $26,-532.05, with interest from the dates of payments on the amounts aggregating this sum, as provided by law. It is so ordered.

This case was tried before WHALEY, Judge, was appointed. He therefore took no part in its decision.

GREEN, Judge, did not hear this case and took no part in its decision.