## THE CORDON v. UNITED STATES.
### No. K–349.

Court of Claims.
Feb. 9, 1931.

John F. McCarron, of Washington, D. C., and Richard S. Folsom, of Chicago, Ill., for plaintiff.

George H. Foster, of Washington, D. C., and Charles B. Rugg, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

WHALEY, Judge.

This action is brought to recover taxes paid on dues of members of a club known as The Cordon, of Chicago, Ill. The sole question is whether The Cordon is a social club within the terms of the Revenue Acts in force during the years for which claim is made and the regulations of the commissioner promulgated under the authority conferred by the

acts. These acts and the regulations have been so often set forth in opinions of this court in similar cases it is unnecessary and will serve no special purpose to again set them out in full.

█ That the tax is proper is assumed from its assessment and payment, and it is incumbent upon the plaintiff to show clearly it falls within the exempted class. Bank of Commerce v. Tennessee, 161 U. S. 134, 16 S. Ct. 456, 40 L. Ed. 645.

██ While the general rule is taxing acts should be liberally construed in favor of the taxpayer (Gould v. Gould, 245 U. S. 151, 38 S. Ct. 53, 62 L. Ed. 211), exemption provisions are construed strictly in favor of the government. Lewellyn v. Harbison (C. C. A.) 31 F.(2d) 740; Commercial Health & Accident Co. v. Pickering (D. C.) 281 F. 539.

Whether a club falls within the exemptions named must be clearly shown by the facts in each particular case. The purposes gleaned from the objective named in its constitution and by-laws, the activities of its members, and the general conduct of the club by its committees, furnish a true index to the real character of the club. The regulations specify "any organization which maintains quarters or arranges periodical dinners or meetings, for the purpose of affording its members an opportunity of congregating for social intercourse, is a 'social * * * club or organization.'" Immediately, however, follows a qualification of great importance. It provides that if the social features are immaterial for the purposes of the organization and are subordinate and merely incidental to the active furtherance of a different and predominant purpose such as religion, the arts, or business, then it is not a social club. The facts are fully set out in the findings and disclose fully and clearly this case falls within the exemptions.

The name Cordon means many strands woven together. This idea is carried out in the composition of its membership by the groups of those women interested in art, music, literature, drama, social work, and the professions representing the separate strands and all the different groups or strands being brought or woven together in a common fellowship for the purpose of feminine culture.

The charter sets forth, "2. The object for which it is formed is for the purpose of establishing a common meeting ground for the lovers of independence and self-expression whose vocations permit excursions beyond the domestic bounds." It was organized by, and its membership is solely composed of, women artistically and professionally inclined and includes women who have rendered some notable service in civic and war work. The object to be attained is somewhat clouded by language which needs elucidation to be clearly comprehended, but by no stretch of the imagination can a clear social feature be deduced from it. On the contrary an analysis of this language shows that these women have a calling besides looking after domestic affairs, and that this club is created as a common meeting place for the purpose of showing their individualism, talents, and achievements to each other and thereby deriving inspiration and encouragement from association with those having similar and diverse talents and individualities.

The club's membership list contains the names of many women who enjoy a worldwide reputation for outstanding accomplishments. The quarters of the club occupy a section of the seventh and eighth floors of the Fine Arts Building in Chicago. The lower floor is devoted to the dining room, kitchen, coat and powder rooms, office and telephone space. The upper floor is connected with the lower floor by a stairway and consists of a lounge and library annd two rooms for exhibitions of the works of its members. There are no living rooms and the club is not open on Sundays and holidays. Only luncheons and dinners are served and the average attendance is about fifty. There are no card rooms, pool or billiard rooms, gymnasium, swimming pool, or bowling alley. Dances have been held but having proved a failure have been discontinued. The club opens at 10 o'clock in the morning and closes at 8:30 in the evening and for five weeks in the summer months the club is entirely closed. Exhibitions are held in its rooms of paintings, etchings, designing, sculpture, embroidery, tapestry, needlework, hand-woven articles, embossed leather goods, artistic jewelry, and Indian blankets, the work of its members and outsiders. Lectures on the arts and literature covering a wide range of subjects are provided and plays and musical compositions are written by members and are acted and sung by them.

From what has been stated above, it is quite evident that from the object set out in its charter, the conduct of the club and the activities of its members, the predominating purpose of the club is to foster the arts, and its small social features are immaterial, subordinate, and merely incidental to the active furtherance of a different purpose.

The plaintiff is not a social club within the meaning of section 801 of the Revenue Acts of 1918 and 1921 (40 Stat. 1121; 42 Stat. 291), section 501 of the Revenue Acts of 1924 and 1926 (26 USCA § 872 note), and section 413 (a) of the Revenue Act of 1928 (26 USCA § 872). Aldine Club v. United States, 65 Ct. Cl. 315; Chemists' Club v. United States, 64 Ct. Cl. 156; Bankers' Club v. United States, 69 Ct. Cl. 121; Washington Club v. United States, 69 Ct. Cl. 621; Cosmos Club v. United States (Ct. Cl.) 42 F.(2d) 321, decided June 16, 1930.

The plaintiff is suing for the recovery of $21,551.78. Of this sum $11,711.78 is barred by the statute of limitations. The plaintiff is entitled to a judgment against the defendant for $9,840 with interest thereon as provided by law. It is so ordered.