WHITEHALL LUNCH CLUB v. UNITED STATES.

No. M-394.

Court of Claims.

Dec. 3, 1934.

E. F. Colladay and Wilton H. Wallace, both of Washington, D. C. (James J. Cosgrove, of New York City, and Colladay, McGarraghy, Colladay & Wallace, of Washington, D. C., on the brief), for plaintiff.

Fred K. Dyar, of Washington, D. C., and Frank J. Wideman, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

GREEN, Judge.

This is an action to recover $38,521.80, with interest, being the amount of tax on dues and initiation fees collected from plaintiff from July 21, 1924, to June 28, 1928, on the ground that the plaintiff was not subject to a tax on club dues and initiation fees. Plaintiff filed claims for refund which were denied by the Commissioner of Internal Revenue.

The general issue is one of fact to be determined from all of the evidence in the case, and on this point we have followed with some slight changes in phraseology the findings of our Commissioner which we think fairly summarize the proper conclusions from the testimony, and from these

136

findings it follows that the plaintiff is not subject to this tax.

The action presents what might be called a "border-line case," and the line, as we think, cannot be drawn any more definitely than was done by this court in the case of Union League Club of Chicago v. United States, 4 F. Supp. 929, 78 Ct. Cl. 351. The decision in that case applied only to the matter of social features, but we think the same rule applies when gymnasium facilities are considered; namely, that, where they are only incidental and not material to the purposes or existence of the club or its prosperity, the fact that some such facilities exist, especially when used by only a comparatively few members of the club, does not make the dues taxable.

■ Another defense is that the recovery of part of the tax paid by plaintiff is barred by the statute of limitations. The plaintiff filed two refund claims in the respective sums of $277.80 on July 21, 1928, and $38,244 on October 24, 1928. The smaller claim covers, among others, the sum of $168.40 for which an uncertified check was placed in the collector's hands on July 18, 1924, and deposited by him on July 21, 1924. The larger claim covers, among others, the sum of $3,500 which was by uncertified check delivered to the collector on October 22, 1924, and deposited by him on October 24, 1924. The plaintiff concedes that in both of said instances, if the date of payment be regarded as the date upon which these uncertified checks were placed in the hands of the collector, in such event both of these payments are barred from refund by the four-year statute of limitations, but plaintiff contends that the respective dates upon which these checks were deposited and cleared through the banks must be regarded as the date of payment, and that consequently the recovery of these payments is not barred.

In the case of the Second National Bank of Saginaw v. United States, 69 Ct. Cl. 552, we held that the Treasury regulation which made the day on which the collector received the check the date of payment, unless the check was subsequently dishonored, was authorized by the statute and reasonable. The original opinion filed in this case was reaffirmed in a supplemental opinion on motion for new trial, and the same ruling was made in Remington-Rand, Inc., v. United States (D. C.) 57 F.(2d) 1069. We are not disposed to review these decisions, and following the rule laid down therein hold that a recovery of the two items of $168.40 and $3,500 referred to in the preceding paragraph is barred by the statute of limitations.

With the exception of these two items, the plaintiff is entitled to recover the taxes shown to have been paid by finding 2, with interest as provided by law on each payment from the date it was made. It is so ordered.

BOOTH, Chief Justice, and WILLIAMS and LITTLETON, Judges, concur.

WHALEY, Judge, dissents.