**CENTURY CLUB v. UNITED STATES.**
No. 42023.

Court of Claims.
Nov. 4, 1935.

Herman T. Reiling, of Chicago, Ill. (KixMiller, Baar & Hoffman, of Chicago, Ill., on the brief), for plaintiff.

Fred K. Dyar, of Washington, D. C., and Frank J. Wideman, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and GREEN, WHALEY, WILLIAMS, and LITTLETON, Judges.

GREEN, Judge.

The plaintiff is a corporation which operates a club house. Its members constitute a club and pay initiation fees and dues for the privilege of being members and using the facilities provided by the club.

This action is begun to recover the sum of $5,325.70 with interest, which the plaintiff alleges has been wrongfully assessed and collected from it. The issue is whether the plaintiff is a social organization and for that reason subject to the tax.

In one of the articles of association of plaintiff it is stated:

"The purpose of this association shall be to promote social intercourse among its members and to provide for them the convenience of a club house."

620

The presumption in the first instance would be that this purpose is carried out and that the plaintiff is a social club. The application of the law, however, does not depend so much on what is stated in the articles of association of any club as it does upon its actual operations. In other words, what is stated in the articles of association is not conclusive as to whether the tax applies, and any presumption which would arise from statements contained therein may be rebutted by other evidence.

The tax applies when the club is a social, sporting, or athletic organization. It is quite clear that the plaintiff is not a sporting or athletic organization, but it is very difficult from the evidence to classify it and say what kind of an organization it is. Its actual purpose, and the only purpose it had which was carried out, was to provide a meeting place for business men and committee quarters for the chamber of commerce and other civic bodies of the town in which it was located. It maintained a café, which, although not extensively patronized, added to the attractiveness of the club house as a convenient meeting place. In the sense that we ordinarily use the term "social function," the evidence shows that the club carried on no social functions whatever. It is quite probable that when its members met there was more or less of ordinary social conversation, but we think that the term "social organization" as used in the statute had reference to something more than this. In ordinary conversation, such an organization would not be spoken of as a social club. There were some card rooms, pool and billiard tables, and a bowling alley. How much the card rooms were used is not disclosed by the evidence, but the billiard and pool tables were out of repair and being seldom used were finally discarded. The bowling alley was also little used. None of these matters added in any material way to the attractiveness or maintenance of the club.

We think that it was not the intention of Congress to apply the tax in such a case as we have before us.

Plaintiff is entitled to recover the amount of the taxes paid with interest as provided by law. Judgment will be rendered accordingly.