### BANKERS CLUB OF AMERICA, Inc. v. UNITED STATES.

#### No. 48513.

United States Court of Claims.

Dec. 5, 1949.

Norman S. Rein, New York City, for plaintiff. Maurice Mound and Rein, Mound & Cotton, New York City, were on the brief.

Joseph H. Sheppard, Washington, D. C., with whom was Asst. Atty. Gen. Theron Lamar Caudle, for the defendant. Andrew D. Sharpe and Ellis N. Slack, Washington, D. C., were on the brief.

Before JONES, Chief Judge, and WHITAKER, MADDEN, LITTLETON and HOWELL, Judges.

WHITAKER, Judge.

Plaintiff sues to recover taxes paid on members' dues and initiation fees, which taxes were levied on the theory that plaintiff was a social club. Whether or not it is in fact a social club is the issue presented. Plaintiff alleges that it is not a social club, but a luncheon club.

In Bankers Club of America v. United States, 37 F.2d 982, 69 Ct.Cl. 121, we held that plaintiff was not a social club.

Subsequently, however, plaintiff has added to its facilities a bar which opens at 8:00 a. m. and remains open until 5:00 p. m. The revenue from this bar for the fiscal year ending June 30, 1946, was $118,578.89, as contrasted with the revenue from the dining room of $458,537.66. In addition, plaintiff maintains a ladies' dining room, with adjacent toilet facilities and lobby,

where ladies can go unaccompanied by a member and where they may bring guests. The club also maintains a barber shop and a manicurist. The principal activities of the club are at the noon hour, as is the case with practically all downtown clubs, but members may obtain breakfast at the club if they desire.

Membership in the club is not restricted to any particular business. Out of a membership of 1,601 resident members, 383 are bankers and investment brokers, 296 stock and bond brokers, 153 are persons who are engaged in the insurance business, 265 industrialists, 219 lawyers, 115 manufacturers, and 170 people engaged in various sorts of businesses.

Although no games of any kind are permitted on the club premises, and although there is no radio, piano, or other musical instrument, still, a club whose bar stays open from 8 o'clock in the morning until 5 o'clock in the afternoon, and which maintains a ladies' dining room where they can go unaccompanied by a member and may have guests, can hardly be said to be merely a luncheon club where social activities are purely incidental.

Indeed, we see no substantial distinction between the relevant facts in this case and in the case of Uptown Club of Manhattan v. United States, 83 F.Supp. 823, 113 Ct. Cl. 422, certiorari denied October 10, 1949. About the only difference is that the Uptown Club had reciprocal privileges with a downtown New York club and one in Philadelphia, but what facilities were afforded by these other clubs was not disclosed by the record in that case. This difference does not seem to us to be material. On the authority of the Uptown Club of Manhattan case, supra, we hold that plaintiff was a social club and that the taxes were properly levied.

This case differs from Merchants Club v. United States, 66 F.Supp. 126, 106 Ct. Cl. 562, in that that club was maintained primarily for the benefit of people engaged in the same line of endeavor, persons connected with the selling of cotton textiles. In the Uptown Club case we called attention to the fact that that club had no pre-

dominant business purpose; neither has the plaintiff in the case at bar, as we pointed out above, its membership being divided more or less equally among people in various lines of endeavor.

Plaintiff is not entitled to recover. Its petition is dismissed.

JONES, Chief Judge, and MADDEN, Judge, concur.

LITTLETON, Judge (concurring).

I concur in the decision dismissing the petition in view of the facts which show that the maintenance and operation of the bar provided distinct social features of the Club and that these social features were material to the life and purpose of the organization.

HOWELL, Judge, concurs in this opinion.