The DOWNTOWN CLUB OF DALLAS,
a corporation,

v.

UNITED STATES of America.

Civ. No. 6206.

United States District Court
N. D. Texas, Dallas Division.

Feb. 1, 1956.

Oliver W. Hammonds and George E. Ray, Dallas, Tex., for plaintiff.

Robert Manuel, Washington, D. C., Heard L. Floore, U. S. Atty., Fort Worth, Tex., John C. Ford, Asst. U. S. Atty., Dallas, Tex., for defendant.

ATWELL, District Judge.

The Downtown Club of Dallas is a corporation having a charter issued by the state of Texas. Dinners were held there, whiskey was served, beer was served, ladies had access to the Club facilities, and, in truth and in fact, it is a social club and in no sense whatever is it a business club. It is a club for the benefit, convenience and pleasure not only of the actual members, but of other people who come as their guests, or, are for the purpose of spending money and in engaging in their own pleasure.

Section 1710 of the Internal Revenue Code, 26 U.S.C.A. § 1710, imposes dues and initiation fees for "any social, athletic, or sporting club or organization."

A "social club," as ruled by the Court of Claims in the case of Army and Navy Club of America v. United States, 53 F.2d 277, 282, 72 Ct.Cl. 684, is a club which has as its "predominant purpose" not social but merely incidental to the furtherance of this different and predominant purpose."

See also Aldine Club v. United States, 65 Ct.Cl. 315; Century Club v. United States, 12 F.Supp. 617, 81 Ct.Cl. 878; Squantum Ass'n v. Page, D.C., 7 F.Supp. 815; Houston Club v. United States, 58 F.2d 487, 74 Ct.Cl. 640; Merchants Club v. United States, 66 F.Supp. 126, 106 Ct. Cl. 562; Arkwright Club of City of New York v. United States, 117 F.Supp. 411, 127 Ct.Cl. 247.

Any club or organization, unless it falls within the express exemption of the Code of Federal Regulations, Sec. 101.30, must collect, return and pay over the tax imposed by the Code, unless it has satisfied the Commissioner of Internal Revenue that it is not in fact "social, athletic, or sporting."

Sec. 101.25 defines social clubs to be "Any organization which maintains quarters or arranges periodical dinners or meetings, for the purpose of affording its members an opportunity of congregating for social intercourse, is a social club or organization, * * * unless its social features are not a material purpose of the organization but are subordinate and merely incidental to the active furtherance of a different and predominant purpose, such as, for example, religion, the arts, or business.

The testimony in this case clearly discloses that the predominant purpose of the plaintiff is the entertainment and social intercourse of its members and their guests without any other purpose whatever.

Judgment must go for the defendant.