ENGINEERS' CLUB OF LOS ANGELES, a non-profit corporation, Plaintiff,

v.

UNITED STATES of America, Defendant.

Civ. No. 568-58 PH.

United States District Court
S. D. California,
Central Division.
March 20, 1959.

A. Andrew Hauk and Lewis D. Lawrence, Los Angeles, Cal., for plaintiff.

Laughlin E. Waters, U. S. Atty., Edward R. McHale, Asst. U. S. Atty., Los Angeles, Cal., for defendant.

BOLDT, District Judge.

In this proceeding the Engineers' Club of Los Angeles seeks recovery of federal excise taxes on dues and fees collected by the club from its members and paid for periods from the second quarter 1953 to the third quarter 1955. The questions presented are: (1) Is plaintiff a social club within 26 U.S.C. § 4241? (2) What effect is to be given to plaintiff's exemption from federal income taxes on the application therefor submitted by plaintiff on Treasury Department Form 1025? (3) Are the requirements of 26 U.S.C. § 6415(a) and Treasury Regulation 43, Sec. 101.42(b), pertaining to consent of persons entitled to refund of excise tax for payment thereof to the collecting agency, met by a resolution to such effect of the directors of the collecting agency?

■ Under Tr.Reg. 43, 101.24 and all cited cases,[1] determination of the social or nonsocial status of a club is largely a question of fact. If the basic purposes and program of the organization are essentially technical and professional, incidental and limited social features such as the serving of meals and refreshments and the like will not alter the nonsocial status of the group. On the other hand, where the social program and facilities are a material purpose of the club and such activities are substantial in nature and extent, for excise tax purposes the organization is properly classified as a social organization, even though it has nonsocial purposes and functions. Judged by any of the criteria discussed in the cited cases a clear preponderance of the evidence shows that the basic, principal and motivating purposes and activities of plaintiff in the instant case are nonsocial and that its social activities are merely incidental and subordinate. Substantial change in plaintiff's purposes or program with respect to social activities following the period here in question will justify a reappraisal of plaintiff's nonsocial status.

■ Revenue Ruling 56-334 provides that an organization held exempt from income tax is to be considered a social, athletic or sporting club for the purpose of excise tax on club dues. Literally interpreted, this ruling is in conflict with the statute, 26 U.S.C. § 501(c) (7), because it does not take into account clubs other than social, athletic or sporting, which are organized and operated for "other nonprofitable purposes." The printed portions of U.S.Treas.Dept. Form 1025 refer only to social clubs and make no reference to clubs having other nonprofitable purposes. Such circumstance, and the use of such form by a club claiming income tax exemption, each in itself, has no controlling legal significance or probative value in determining the social or nonsocial status of a club. Statements inserted in Form 1025 concerning the purposes and program of a particular club are to be considered for such significance as they may have in determining the status of such club. Some of the language written in the Form 1025 in the present case somewhat indicates that plaintiff is a social club. However, as above stated, the circumstances as a whole show the contrary.

■ The statute 26 U.S.C. § 6415(a) and Tr.Reg. 43, Sec. 101.42(b) empha-

1. Clubs held social: Railroad-Machinery Club of N. Y. v. United States, 95 F. Supp. 822, 1951, 118 Ct.Cl. 542; Bankers Club of America, Inc. v. United States, 1949, 87 F.Supp. 253, 115 Ct.Cl. 50; Drug & Chemical Club of New York v. United States, 1949, 115 Ct.Cl. 66, certiorari denied 340 U.S. 810, 71 S.Ct. 37, 95 L.Ed. 595; Turks Head Club v. Broderick, 1 Cir., 1948, 166 F.2d 877; Engineer's Club of Philadelphia v. United States, 1942, 42 F.Supp. 182, 95 Ct.Cl. 42; Duquesne Club v. Bell, 3 Cir., 1942, 127 F.2d 363, 143 A.L.R. 1377; Chicago Engineers' Club v. United States, 1935, 9 F.Supp. 680, 80 Ct.Cl. 615; Saginaw Club v. United States, Ct.Cl. 1934, 7 F.Supp. 302; The Lambs v. United States, 1934, 8 F.Supp. 737, 81 Ct.Cl. 216, certiorari denied 297 U.S. 713, 56 S.Ct. 589, 80 L.Ed. 999; Union League Club of Chicago v. United States, 1933, 4 F.Supp. 929, 78 Ct.Cl. 351; Army and Navy Club of America v. United States, Ct.Cl.1931, 53 F.2d 277.

Nonsocial: Rockefeller Center Luncheon Club v. Johnson, D.C.S.D.N.Y.1955, 131 F.Supp. 703; Engineers' Club of Dayton v. United States, D.C.S.D.Ohio 1955, 133 F.Supp. 72; Merchants Club v. United States, 1946, 66 F.Supp. 126, 106 Ct.Cl. 562; Furniture Club of America v. United States, D.C.N.D.Ill.1946, 67 F.Supp. 764; Krug v. Rasquin, D.C. E.D.N.Y.1937, 21 F.Supp. 866; Century Club v. United States, 1935, 12 F.Supp. 617, 81 Ct.Cl. 878; Tidwell v. Anderson, D.C.S.D.N.Y.1933, 4 F.Supp. 789, affirmed 2 Cir., 1934, 72 F.2d 684; Whitehall Lunch Club v. United States, 1934, 9 F.Supp. 132, 80 Ct.Cl. 350; Houston Club v. United States, 1932, 58 F.2d 487, 74 Ct.Cl. 640; Builders' Club of Chicago v. United States, 1932, 58 F.2d 503, 74 Ct.Cl. 595; The Cordon v. United States, 1931, 46 F.2d 719, 71 Ct.Cl. 496; Washington Club v. United States, Ct.Cl. 1930, 38 F.2d 130; Cosmos Club v. United States, 1930, 42 F.2d 321, 70 Ct. Cl. 366; Aldine Club v. United States, 1928, 65 Ct.Cl. 319; Chemists' Club v. United States, 1927, 64 Ct.Cl. 156.

size the necessity of personal consent by the taxpayer for allowance of an excise tax refund when sought by the agency collecting the tax. It is not necessary to determine whether a resolution of club directors could in any circumstances sufficiently establish proof of such consent because of the particular facts shown in evidence, including the belated adoption of the directors' resolution following a partially unsuccessful canvass of plaintiff's membership for personally executed consent. Under the circumstances recovery must be limited to the amount shown by the written consent of members of record herein. Plaintiff's contention of waiver of proof of consent is not sustained in law or fact.

Findings, conclusions and judgment in conformity herewith may be presented at the convenience of counsel.