UNITED STATES of America, Appellant,

v.

ENGINEERS' CLUB OF SAN FRANCISCO, etc., Appellee.

Nos. 18214, 18215.

United States Court of Appeals Ninth Circuit.

Dec. 10, 1963.

[redacted]

[redacted]

Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Robert N. Anderson, Norman H. Wolfe, and Jerome Fink, Attys., Dept. of Justice, Washington, D. C., Cecil F. Poole, U. S. Atty., and Richard L. Carico, Asst. U. S. Atty., San Francisco, Cal., for appellant.

Severson, Zang, Werson, Berke & Larson, and Kurt W. Melchior, San Francisco, Cal., for appellee.

Before CHAMBERS and DUNIWAY, Circuit Judges, and TAYLOR, District Judge.

FRED M. TAYLOR, District Judge.

This is an appeal from a judgment in favor of appellee, a nonprofit corporation organized and existing under the laws of the State of California, for the amount of excise taxes paid periodically by appellee, from January 1, 1952 through December 31, 1959, on dues and initiation fees collected by it from its members. The District Court had jurisdiction under 28 U.S.C. § 1346, and this court has jurisdiction by virtue of 28 U.S.C. § 1291.

Appellant relies on seven specifications of error which attack the trial court's findings made from facts not in dispute and the court's conclusion that appellee was not a social, athletic or sporting club within the meaning of Section 1710 of the Internal Revenue Code of 1939 and Section 4241 of the 1954 Code.[1]

The findings and holding which appellant claims were erroneous are in effect: that during the years in question appellee was not a social club or organization within the meaning of Section 1710 of the Internal Revenue Code of 1939 and Section 4241 of the 1954 Code; that appellee's luncheon activities were not susceptible of definition; that the facilities furnished by appellee where the club members were free to engage in conversation of their choice served a professional purpose of the club; that the principal purpose of the club was to bring members of the various branches of the engineering profession together to promote familiarity and cooperation; and that the club's social activities were occasional and minor in scope and not a substantial factor in enabling it to secure or retain members.

In essence appellant contends that according to the evidence and the law the appellee was organized and operated as a luncheon or social club (subject to admissions and dues tax) and that the trial court clearly erred in finding and concluding otherwise. We do not agree.

[redacted] The status of an organization, whether social or nonsocial, is largely a question of fact. Engineers' Club of Los Angeles v. United States, 173 F.Supp. 934, 936 (D.C.Cal., 1959); Turks Head Club v. Broderick, 166 F.2d 877, 882 (1st Cir. 1948).

In substance the trial court found and concluded that the basic purposes and program of the appellee organization were essentially technical and professional, and its nonsocial status was not altered by the serving of meals and re-

1. Section 4241 of the 1954 Code provides:
"(a) There is hereby imposed—
"(1) A tax equivalent to 20 percent of any amount paid as dues or membership fees to any social, athletic, or sporting club or organization, if the dues or fees of an active resident annual member are in excess of $10 per year.
"(2) A tax equivalent to 20 percent of any amount paid as initiation fees to such a club or organization, if such fees amount to more than $10, or if the dues or membership fees, not including initiation fees, if any active resident annual member are in excess of $10 per year."

freshments and its limited social functions.

By so finding and concluding the trial court applied the recognized rule that if the basic purposes and program of the organization are essentially technical and professional, incidental and limited social features such as serving meals and refreshments and the like will not alter the nonsocial status of the group. Engineers' Club of Los Angeles v. United States, supra, and cases cited therein under note. 1.

 It would not serve any useful purpose to set forth in this opinion the evidence from which the trial court made its findings and arrived at its conclusion. It suffices to say that the findings and conclusion could fairly and reasonably be made and found from the evidence in this case and in our opinion they are not clearly erroneous.

We therefore conclude that the judgment should be and hereby is affirmed.