Hat, Judge,
delivered the opinion of the court:
The plaintiff, Alliance Country Club, was incorporated under the laws of the State of Nebraska March 14, 1921. The act of November 23, 1921, 42 Stat. 227, 289, reads as follows:
“ Sec. 801. That from and after January 1, 1922, there shall be levied, assessed, collected, and paid, in lieu of the taxes imposed by section 801 of the revenue act of 1918, a tax equivalent to 10 per centum of any amount paid on or *587 after such date, for any period after such date, (a) as dues or membership fees (where the dues or fees of an active resident annual member are in excess of $10 per year) to any social, athletic, or sporting club or organization; or (b) as initiation fees to such a club or organization, if such fees amount to more than $10, or if the dues or membership fees (not including initiation fees) of an active resident annual member are in excess of $10 per year; such taxes to be paid by the person paying such dues or fees; * * *
“ Sec. 802. That every person receiving any payments for such admission, dues, or fees, shall collect the amount of the tax imposed by section 800 or 801 from the person making such payments. * * * In all the above cases returns and payments of the amount so collected shall be made at the same time and in the same manner and subject to the same penalties and interest as provided in section 502.”
“ Sec. 502. (a) That each person receiving any payments referred to in section 500 shall collect the amount of the tax, if any, imposed by such section from the person making such payments, and shall make monthly returns under oath, in duplicate, and pay the taxes so collected to the collector of the district in which the principal office or place of business is located.
* * * * *
“ (c) The returns required under this section shall contain such information, and be made at such times and in such manner, as the commissioner, with the approval of the Secretary, may by regulation prescribe.
“ Sec. .1303. That the commissioner, with the approval of the Secretary, is hereby authorized to make all needful rules and regulations for the enforcement of the provisions of this act. * * * ”
The revenue act of 1918, section 801, is in the same language as is the act of November 28, 1921. Under the provisions of this act the plaintiff paid under protest to the collector of internal revenue the sum of $1,756. The plaintiff applied to the Commissioner of Internal Revenue for a refund of the above amount; this application was denied; and the plaintiff brought its suit in this court.
The defendant contends that the plaintiff is not the proper party to bring suit, and that its petition must therefore be dismissed. But section 802 of the act provides for the collection of the amount of the tax by the person receiving *588 any payment for initiation fees, and further provides that payments of the amounts so collected shall be made at the same time and in the same manner and subject to the same penalties and interest as provided in section 502; and section 502(a) reads as follows:
“ That each person receiving any payments referred to-in section 500 shall collect the amount of the tax, if any, imposed by such section from the person making- such payments, and shall make monthly returns under oath, in duplicate, and pay the taxes so collected to the collector of' the district in which the principal office or place of business, is located.”
The Commissioner of Internal Revenue issued on March 28, 1919, the following regulation:
“Refund of overpayment. — Any club, organization, corporation, partnership, or individual that has paid to the collector of internal revenue, as a tax under section 801 of the revenue act of 1918, any amount erroneously or illegally assessed, or any amount in excess of the amount of the tax actually imposed by that section for the month covered by that payment, or any amount as a penalty for the collection of which there was no authority, may secure a refund of the amount so overpaid by filing with the collector to whom such payment was made a properly prepared claim on Form 46 (revised). When a club or organization seeks to secure a refund to it of an amount collected by it from its members and then paid over by it to the collector of internal revenue, the claim on Form 46 (revised) must be accompanied by a list of the members who paid such amount and by a sworn statement of a club officer that no-claim for. refund of any such amount has been filed with, the collector or commissioner on behalf of any of such members.”
And this regulation has not been changed and was in force- and effect when the plaintiff paid the tax in controversy and. when it applied for a refund and when this suit was brought. So it seems that the Treasury Department recognizes and treats the club as the taxpayer, both as the proper party to pay the tax and also as entitled to recover the tax if the same has been illegally or erroneously paid. We are of the same opinion, and therefore think there is nothing in the *589 contention of tlie Government that the plaintiff is not the proper party to bring this action.
It is contended by the Government that the payments of $150 each made by members of the Alliance Country Club to the club for one share of stock, the ownership of which said share of stock was a prerequisite to membership, were payments of initiation fees and as such were subject to the tax imposed by the statute. The words “initiation fees” used in the statute must in the construction of the act be given their plain and ordinary meaning. The court in construing the meaning of a statute, and especially one imposing a tax, will not enlarge the meaning of the words used so as to include within its scope what has been omitted by the legislature. Iselin v. United States, 270 U. S. 245. Only those things can be taxed which are within the plain import of the language used. The words “ initiation fees ” as used in the statute mean the payment of an amount for the purpose of becoming a member of a club and the parting absolutely with the amount so paid. These words can not be construed to mean an investment in stock purchased from the club, which may be repaid to the purchaser upon certain contingencies.
In the case at bar, if the owner of the stock resigned or was expelled, the club was to repay the value of the stock to the member, or in case of death to his personal representative. So that the purchase of the stock was not in the ordinary meaning of the words an initiation fee; and if it was not an initiation fee, then it was not subject to be taxed as such, and the plaintiff is entitled to recover. If there is any doubt about the question, it must be resolved in favor of the taxpayer. This principle is too well established to need elaboration and has been repeatedly announced to be the law by the Supreme Court of the United States.
Judgment will be entered against the Government in favor of the plaintiff for the amount erroneously paid, with interest.
Moss, Judge; Graham, Judge; Booth, Judge; and Campbell, OMef Justice, concur.