## BUILDERS' CLUB OF CHICAGO v. UNITED STATES.
### No. L–514.

Court of Claims.
May 2, 1932.

GREEN, Judge.

This action is brought to recover $9,196.55 taxes paid by the Builders' Club of Chicago on dues of its members. The only question in the case is whether the plaintiff is a social club within the meaning of the law.

The findings show that the principal purpose of the club is to co-operate in a business way to offset the influence of the labor unions of Chicago. It has a dining room, a kitchen, a large lounge, a card room, and a billiard room, with some other smaller rooms used for various purposes connected with the club. It gives an annual banquet to its members in some hotel, the original purpose of which was to gather the builders together to listen to a speech or lecture on a matter of interest to the building industry. The club has no meetings that are purely social in their nature. The members gather at luncheon for the purpose of meeting and coming in contact with other men engaged in building activities or allied interests, and a few members may remain after luncheon and play billiards or cards.

Without repeating all of the facts stated in the findings, we think it quite clear that no one would join this club for social purposes, and while the by-laws state that one of the objects of the club is "for the cultivation of friendly and social relations among its members," it appears from the evidence that such social relations were merely incidental to the predominant purpose of the club and that the predominant purpose of the organization was not social. Under the bureau regulations it was not subject to the tax.

It is urged in argument on behalf of the defendant that the word "incidental" means casual or accidental. But it also means, according to the dictionary, "subordinate" or "collateral." We think this meaning was intended by the regulations, and the court has always used the word in this sense in the opinions rendered with reference to prior cases. There is something of a social nature that pertains to a lunch at which members of a club meet, but, as said in the Army and Navy Club v. United States, 53 F.(2d) 277, 282, 72 Ct. Cl. 684: " * * * the mere fact that a club has some social activities does not necessarily make it a social club within the meaning of the law, for no club can exist without having something social in its nature, and this must have been well understood by Congress."

The contention made on behalf of the defendant would make every club that served luncheons to its members and permitted them

John E. Hughes, of Chicago, Ill. (William Cogger of Washington, D. C., on the brief), for plaintiff.

Fred K. Dyar, of Washington, D. C., and Charles B. Rugg, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

to remain afterwards in the clubrooms for purposes or reasons not connected with the predominant object of the club, subject to the tax. We do not think Congress had any such intention in enacting the law.

The plaintiff is entitled to recover the amount prayed in its petition, less $25 admitted to be barred by the statute of limitations, with interest as provided by law. Judgment will be rendered accordingly.