## BUILDERS' CLUB OF CHICAGO v. UNITED STATES.

### No. 42409.

Court of Claims.
June 1, 1936.

that its initiation fees and membership dues were not subject to tax, and that the amount sued for was illegally and erroneously collected.

The Treasury Department refused to refund this portion of the tax collected for the period subsequent to the period involved before this court in the case of Builders' Club of Chicago v. United States, 58 F.(2d) 503, 74 Ct.Cl. 595, on the ground that plaintiff had not secured and filed with the Commissioner, pursuant to article 54, Regulation 43, first promulgated in 1932, "a power of attorney executed by such person in whose behalf a claim [for refund] is filed authorizing the organization to act as his agent." The only question presented therefore is whether the plaintiff was entitled to claim and secure a refund of the tax which it was required to collect from its members and to return and pay to the government. This question necessarily involves the validity of article 54 of Regulation 43 to the effect that only the members of the club can legally claim a refund of any tax paid unless such members give to the club a duly executed power of attorney authorizing the club which collected, returned, and paid the tax to act as their agent.

Plaintiff contends that it was the taxpayer within the meaning of the statutes imposing the tax on club dues and the proper person to file a claim for refund and bring suit for the recovery of any tax in respect of which the claim was rejected, and that the regulation in question is invalid as an unauthorized exercise by the Commissioner of his authority to make all needful rules and regulations for the proper administration of the statute. We agree with the position taken by plaintiff. From the time the tax on club dues was first imposed in 1917 until this regulation was issued, the club which collected the tax on its initiation fees and dues from its members, whom the statute provided should pay such tax to the club, has always been regarded as the taxpayer entitled to claim and secure the refund of any dues tax erroneously and illegally collected. The Treasury Department practice and the regulations consistently so recognized the club as the proper person to claim and receive the refund, and the decisions of this and other courts held that the club was the taxpayer who pays the tax to the government and the one entitled to claim

John E. Hughes, of Chicago, Ill., for plaintiff.

J. W. Blalock, of Washington, D. C. (Sewall Key, of Washington, D. C., on the brief), for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

LITTLETON, Judge.

The defendant admits that plaintiff was not a social, athletic, or sporting club, and

or recover a tax illegally or erroneously paid or collected, and that such club is not merely a collecting agent for the United States. Alliance Country Club v. United States, 62 Ct.Cl. 579; United States v. Johnston, 268 U.S. 220, 45 S.Ct. 496, 69 L.Ed. 925. In the first case mentioned this court said:

"The Treasury Department recognizes and treats the club as the taxpayer, both as the proper party to pay the tax and also as entitled to recover the tax if the same has been illegally or erroneously paid. We are of the same opinion, and therefore think there is nothing in the contention of the Government that the plaintiff is not the proper party to bring this action." 62 Ct. Cl. 579, at page 588.

In that case the government relied upon and urged this court to follow the decision of the District Court for the Western District of Pennsylvania, in Shannopin Country Club v. Heiner, 2 F.(2d) 393, in which that court held that the club acted merely as a collecting agent for the government and had no right of action for recovery of any dues tax illegally collected. But this court refused to follow that decision, and, so far as we have been able to find, the decision in the Shannopin Case is the only decision that has ever so held. In any event it is not consistent with United States v. Johnston, supra, in which the court subsequently held that the club was a debtor to the government for the tax imposed on its initiation fees and dues and was not a collecting agent or bailee for the government. If the club, which is required by the statute to return and pay the tax to the collector and which is liable for any interest or penalties for failure so to do, is the taxpayer within the meaning of the statute for the purpose of bringing suit and recovering any tax illegally or erroneously collected and receiving payment of any judgment in its favor, as we think is clearly true, it must be treated as the taxpayer entitled to claim and receive a refund through the Treasury Department of any such tax illegally collected and paid. A departmental regulation which treats the club merely as an agent of its members and requires that the individual club members each file claim for refund for the taxes paid by the club or give to the club duly executed powers of attorney to act as their agent is obviously legislation in the guise of a regulation and therefore invalid. The regulation in question, we think, attempts to ingraft upon the taxing act a provision that is neither within the language nor intent of the statute. When Congress has deemed it advisable to legislate upon the subject of refunding taxes where the burden of the tax was not actually borne by the person returning and paying the same, it has spoken in terms sufficient clear not to be misunderstood. See section 621 (d) of the Revenue Act of 1932 (26 U.S.C.A. § 1420 et seq. note) relating to certain excise taxes and the statutory provision relating to the refund of motor accessory taxes involved in United States v. Jefferson Electric Manufacturing Co., 291 U.S. 386, 54 S. Ct. 443, 78 L.Ed. 859. The regulation in question is not consistent with the long-continued practice of the Treasury Department and has not received legislative approval. The provisions of section 607 of the Revenue Act of 1934 (26 U.S.C.A. § 1551), instead of being an approval of the decision of the Treasury Department that in returning and paying the tax the club is merely the agent of its members, recognize that the club is the one entitled to deal with the government in respect of such taxes and make the club subject to all summary and administrative provisions of the statutes relating to the assessment and collection of taxes by distraint. See Senate Finance Committee Report No. 558, page 53, on the Revenue Act of 1934.

A tax illegally collected from one who is required to return and pay the same does not belong to the government. The Treasury Department may not retain it in the absence of legislative authority merely because it may believe that, if the amount collected is refunded to the person who returned and paid it, some portion of the amount may not reach the hands of the persons who bore the burden of the tax. If the Bureau could thus refuse to refund taxes illegally collected, the Treasury Department by a regulation could retain a great many taxes other than the tax on club dues which had been admittedly illegally collected, merely because the taxpayer had not shown that it had originally borne the burden of the tax. The regulation involved in this case is based solely on that ground. A construction of a statute which produces a consequence opposed to the spirit of the legislation is to be avoided if possible. The language of the act is to be read in the light of its policy. The only authority conferred by the Rev-

enue Acts upon the Commissioner is to make regulations to carry out the purposes of the act, not to amend it. Iselin v. United States, 270 U.S. 245, 251, 46 S.Ct. 248, 70 L.Ed. 566; Morrill v. Jones, 106 U.S. 466, 1 S.Ct. 423, 27 L.Ed. 267; Miller v. United States, 294 U.S. 435, 55 S.Ct. 440, 79 L.Ed. 977; American Safety Razor Corporation v. United States, 79 Ct.Cl. 792; Fresno Grape Products Corporation v. United States, 11 F.Supp. 55, 81 Ct.Cl. 553.

Plaintiff is entitled to recover the amount of $1,318.55 claimed, with interest as provided by law, and judgment will be entered accordingly. It is so ordered.

BOOTH, Chief Justice, and WHALEY, WILLIAMS, and GREEN, Judges, concur.