## CUNNINGHAM v. UNITED STATES.
### No. 43405.

Court of Claims.
March 6, 1939.

Jacob Rabkin, of New York City (Mark H. Johnson, of New York City, on the brief), for plaintiff.

J. W. Hussey, of Washington, D. C., and James W. Morris, Asst. Atty. Gen. (Robert N. Anderson and Fred K. Dyar, both of Washington, D. C., on the brief), for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, and WHALEY, Judges.

LITTLETON, Judge.

The facts which are not in dispute show that plaintiff overpaid the taxes due by him for 1926 and 1927 in the amounts stated in finding 9. However, counsel for defendant contend that judgment should not be entered in favor of plaintiff and that the petition should be dismissed for the reason that the money with which plaintiff paid the tax upon the income erroneously reported was furnished him by corporations owned by Seth Seiders. It is, therefore, contended that plaintiff has no equitable right to recover.

Under the facts in this case we are of opinion that this contention is without merit. The amounts of overpayments for 1926 and 1927 which plaintiff here seeks to recover were paid to him by the corporations mentioned in the findings as "salary and bonus," and the amounts so paid were used by plaintiff to pay, in part, the tax due upon the total income reported by him and no portion so paid to and received by plaintiff, to the extent of the overpayments here involved, was ever returned by plaintiff to Seth Seiders or to anyone else. The amount so received by plaintiff in 1927 and used by him as a payment on account of tax due for 1926 was reported and returned by plaintiff as income in the year in which received, and he paid the tax thereon. The fact that the Commissioner, in determining the net income for 1927 of the corporations which paid to plaintiff the amount used by him in paying the tax upon the 1926 income erroneously reported, denied the corporations a deduction on account of the amount of such payment to plaintiff is not a bar to plaintiff's right to recover the excess tax paid. Plaintiff was the tax-

payer within the meaning of section 284(a) of the Revenue Act of 1926, 44 Stat. 66, and is the proper party to claim and receive the return of the overpayments made by him. This section provides that "where there has been an overpayment * * * the amount of such overpayment shall * * * be immediately refunded to the taxpayer." Cf. Old Colony Trust Co. et al. v. Commissioner of Internal Revenue, 279 U.S. 716, 49 S.Ct. 499, 73 L. Ed. 918; United States v. Jefferson Electric Manufacturing Co., 291 U.S. 386, 54 S.Ct. 443, 78 L.Ed. 859; Builders' Club of Chicago v. United States, 14 F.Supp. 1020, 83 Ct.Cl. 556, 559.

■ The right of plaintiff to receive the return of the excess tax paid by him does not depend upon whether the corporation from which he received the amount with which to pay the tax was permitted to take a deduction from gross income therefor as an ordinary and necessary expense. It is clear that as between plaintiff and such corporation the plaintiff is the owner of the overpayments since the total thereof was unconditionally paid to him as salary and bonus. No one, except plaintiff, would have a right to demand and receive a refund of the overpayments. The fact, if it be a fact, that the corporations might not have paid plaintiff the amount with which to pay his tax, and which he here seeks to recover, if plaintiff had not been misled into reporting income which belonged to and was ultimately received by Seth Seiders, does not entitle the Government to retain the money. The positive provision of the statute is to the contrary.

Plaintiff filed a timely and proper claim for refund for 1926 and this suit was brought within two years after the rejection of such claim by the Commissioner. He is, therefore, clearly entitled to judgment for the overpayment of $2,948.33 with interest for 1926.

■■ With reference to 1927, it appears that plaintiff did not file a claim for refund and we think it is clear that the letters of the Commissioner of August 20 and September 5, 1930, did not constitute an account stated. These letters fail to disclose a definite statement by the Commissioner of any specific amount finally determined by him as an overpayment. The most that the Commissioner did was to refer to a report of a revenue agent recommending overassessments for 1926 and 1927 in amounts which are now found to have been correct. But the Commissioner, at the same time, stated that he had taken no action on this report and did not intend to do so until certain related cases had been finally disposed of. An account stated cannot be predicated upon implication and conjecture. It must be a positive and definite statement of a balance due. Any refund in respect of the overpayment for 1927 was, therefore, barred at the time this suit was instituted.

Judgment will be entered in favor of plaintiff for $2,948.33 with interest as provided by law. It is so ordered.