**NEWLAND et al. v. PENWELL, Collector of Internal Revenue.**

**Civ. A. No. 350.**

United States District Court
D. Montana.
Jan. 13, 1949.

T. J. Davis and L. C. Myers of Butte, Montana, for plaintiffs.

John B. Tansil, U. S. Attorney, Billings, Montana, Harlow Pease and Emmett C. Angland, Assistants to the U. S. Attorney, Butte, Montana, for defendant.

PRAY, Chief Judge.

This is an action to recover taxes alleged to have been illegally assessed and collect-

ed by the Collector of Internal Revenue. A claim for refund was filed under Sec. 3772, Title 26 U.S.C.A. by the "Butte Executives Club", by whom the tax was paid. The members of this club or association paid ten dollars as an initiation fee and also an annual dues charge of ten dollars, and the question seems to be whether these payments, or either of them, may be considered in the sense of an "admission to any place".

An agreed statement of facts is filed with the briefs, and from the facts agreed to, it appears that paragraph 6 of Section 101.2 of the Regulations of the Commissioner of Internal Revenue, would have special application here, reading as follows: "Where a person or organization acquires the sole right to use any place or the right to dispose of all the admissions to any place for one or more occasions, the amount paid for such right is not subject to the tax on admissions. However, if the person or organization in turn sells admissions to the place, the tax will apply to amounts paid for such admissions." Under the foregoing regulation and the admitted facts, counsel contend that the club has the sole right to dispose of admissions to members or members and guests, and that no admissions are sold, and therefore the club and the amounts in question are not taxable.

 It seems quite evident from a plain reading of Section 1710, U.S.C.A., Title 26, that it would not apply to a club organized "for the education of its members through informational talks". Exhibit A, By-laws, Article II, Section 1. To further emphasize the educational purpose of the club it is also provided in Exhibit B that the club shall exist for "the sole purpose of promoting educational, patriotic, cultural and scientific interest in the above-named city and state." A number of cases have been cited showing plainly the difference between an educational club and a social club which would lend weight to plaintiff's construction of the definition found in Section 101.-25 of Regulation 43, and it is further contended that even if the Butte Club could be classified as a social club, it would not be subject to the tax because of the size of the initiation fee and annual dues under Section 1710, Title 26, as amended, and Section 1712(b), Title 26 U.S.C.A.

 The court is unable to agree with the contention that this court is without jurisdiction to hear this cause; there seems to be abundant authority to the contrary. Title 28 U.S.C.A. § 41(5) [now § 1340]; Rules 17(b) and 23, Rules of Federal Procedure, 28 U.S.C.A.; Builders Club of Chicago v. U. S., 14 F.Supp. 1020, 83 Ct.Cl. 556.

 The court has considered briefs of counsel, statutes, regulations, rules and authorities cited, and without further amplifying this decision, is of the opinion that it satisfactorily appears that the club in question is entitled to a refund of the taxes paid, and such is the order herein. Accordingly, findings and conclusions may be submitted, and form of judgment; each side bearing its own costs.