**Raphael A. SMITH, Plaintiff,**

v.

**Millard H. SUTTON et al., Defendants.**

**No. 1745–53.**

United States District Court
District of Columbia.

Nov. 15, 1955.

Belford V. Lawson, Jr., Washington, D. C., for plaintiff.

Leo A. Rover, U. S. Atty., Oliver Gasch, Frank H. Strickler and William F. Becker, Asst. U. S. Attys., Washington, D. C., for Civil Service Commission.

Vernon E. West, Corp. Counsel, Milton D. Korman and William W. Pavis, Asst. Corp. Counsel, Washington, D. C., for D. C. Commissioners and D. C. Fire Department.

LAWS, Chief Judge.

On September 17, 1932, plaintiff, a Negro, was employed as a private in the Fire Department of the District of Columbia. After serving twelve years as private he was promoted to sergeant, and after serving as sergeant for four days, he was promoted to lieutenant. Since that time he has continued to serve as lieutenant. At all times during his employment plaintiff has served in the fire fighting division of the Department and the evidence indicates he has had a high efficiency rating. His promotions were made without competitive examinations, such as customarily were and are required under Civil Service Regulations. This procedure appears to have been followed by the Fire Department with the acquiescence of the Civil Service Commission in respect of certain Negroes, although not all, in order to maintain a policy of segregating Negroes from white persons. Such a policy was in effect at the time of each of the promotions given to plaintiff.

In October, 1950, plaintiff applied for admission to the competitive examination for captain. The papers have separate sections relating to competitive examinations for sergeant, lieutenant and captain. Plaintiff was permitted to take the examination for promotion to sergeant unconditionally, but was permitted to take the examinations for lieutenant and captain only conditionally. Notwithstanding he continued to serve and receive pay as lieutenant, plaintiff after his competitive examination for sergeant taken in 1950 was appointed to the rank of sergeant on August 1, 1951. After consideration, the Civil Service Commission Board of Appeals and Review held that plaintiff had been ineligible to take the examinations for promotion to lieutenant and captain by reason of a Civil Service Regulation adopted July 12, 1950, which reads as follows:

"An employee promoted non-competitively in any division of the fire department does not thereby acquire a status to compete in competitive examinations for any higher grade position than the next rank above that to which he was most recently appointed as the result of competitive examination or competitive promotion examination. In computing length of service in any particular grade for admission to competitive promotion examination, only that period of service in that grade acquired after having been reached or appointed through competitive procedure will be considered."

Among other points urged in support of his right to take a competitive examination for captain, plaintiff maintains the regulation of July 12, 1950, is legally invalid.

■■■ Rules and regulations of administrative agencies, in order to be valid, must be reasonable and must attain the purpose for which such agency was created. If they are arbitrary or capricious and bear no reasonable relation to the purpose for which they are authorized to be made they are void. Thompson v. Consolidated Gas Utilities Corporation, 1937, 300 U.S. 55, 57 S.Ct. 364, 81 L.Ed. 510. Rules made in the exercise of a power delegated by statute should be construed together with the statute to make, if possible, an effectual piece of legislation in harmony with common sense and sound reason. Miller v. United States, 1935, 294 U.S. 435, 55 S. Ct. 440, 79 L.Ed. 977. The regulation must be consistent with the meaning and purpose of the statute. Harrop v. United States, D.C.Neb.1935, 10 F.Supp. 753; Builders' Club of Chicago v. United States, 1936, 14 F.Supp. 1020, 83 Ct.Cl. 556; Clark v. United States, D.C.Md. 1940, 33 F.Supp. 216. Retroactive legislation and regulations are not favored, and they will ordinarily be construed to operate prospectively. Miller v. United States, supra; Claridge Apartments Co. v. Commissioner of Internal Revenue, 1944, 323 U.S. 141, 65 S.Ct. 172, 89 L. Ed. 139; Brewster v. Gage, 1930, 280 U.S. 327, 50 S.Ct. 115, 74 L.Ed. 457; Rockton & Rion Ry. v. Davis, 4 Cir., 1946, 159 F.2d 291; Rushton v. Schram, 6 Cir., 1944, 143 F.2d 554; Commission-

er of Internal Revenue v. Commodore, Inc., 6 Cir., 1943, 135 F.2d 89.

By reason of plaintiff's record of efficient service in the fire fighting division of the Fire Department, his position as lieutenant having covered a period in excess of ten years, and by reason of his having attained his promotions pursuant to a policy recognized as valid when such promotions were made, it is unreasonable to apply the regulation retroactively so as to impair his rights of promotion for long and extended periods of time. The unreasonableness is clearly illustrated by plaintiff's case. Having served ten years as a lieutenant, and an aggregate of twenty-three years in fire fighting (as distinguished from non fire fighting types of work), he must still wait, under retroactive construction of the provisions of the regulation of July 12, 1950, another year before being eligible to take the competitive examination for lieutenant, and two more years before being eligible for the captain's examination. Thus, under the ruling of the Civil Service Commission in plaintiff's case, although the minimum service standards set in 1945 for promotion to captain require only five years in a grade not lower than sergeant (at least two of which must be in a grade not lower than lieutenant), and plaintiff had fully met these requirements before adoption of the regulation of July 12, 1950, he will be required to have waited at least fifteen years while serving as lieutenant before being able to take the examination for captain. During this prolonged waiting period, the Fire Department will have gained no appreciable advantage, if any whatever, in its fire fighting or other work plaintiff might be called upon to perform. The Court recognizes the situation would be different had plaintiff not been engaged in fire fighting, but the evidence shows clearly he was so engaged during all his service.

From what has been stated, the Court is constrained to hold that the Civil Service Regulation passed on July 12, 1950, is invalid in respect of any retroactive application of its provisions to those who theretofore have regularly obtained promotions and have served the required periods of time in the fire fighting division.

An order will be entered declaring plaintiff eligible to take the next Civil Service examination for captain in the Fire Department and in the event he successfully passes, his name shall be placed on the register for promotion to that position.

The disposition of this case on the grounds stated makes it unnecessary to deal with other points made by the plaintiff.